STATE OF CONNECTICUT *v.* WILLIAM T. THOMAS
(13593)

PETERS, C. J., HEALEY, CALLAHAN, GLASS and COVELLO, Js.

Argued January 4—decision released March 6, 1990

*Richard Emanuel,* assistant public defender, with whom, on the brief, was *G. Douglas Nash,* public defender, for the appellant (defendant).

*Susann E. Gill,* assistant state's attorney, with whom, on the brief, was *Michael Dearington,* state's attorney, for the appellee (state).

PER CURIAM. The defendant was charged in a substitute information with murder in violation of General Statutes § 53a-54a. A jury found him guilty of the crime charged and the trial court subsequently sentenced him to a term of imprisonment of fifty-five years, suspended after forty-five years, and three years probation.

The defendant does not challenge the sufficiency of the evidence elicited to convict him. He claims, rather, that the trial court committed reversible error in its charge to the jury. He argues that the court erroneously instructed the jury concerning the presumption of innocence, reasonable doubt and intent and that con-

sequently he was deprived of due process of law and a fair trial. The defendant neither submitted a request to charge on any of these issues at trial nor did he take exception to the trial court's charge concerning them. He contends on appeal, however, that he was deprived of a fundamental constitutional right and a fair trial, and that he is entitled to have his claims reviewed under *State* v. *Evans,* 165 Conn. 61, 327 A.2d 576 (1973). We disagree.

The record reveals that the trial court's jury instructions concerning the presumption of innocence and reasonable doubt are the same or similar to jury instructions that previously have been approved by this court.[1] See, e.g., *State* v. *Brown,* 199 Conn. 14, 28, 505 A.2d 690 (1986); *State* v. *Leecan,* 198 Conn. 517, 538–39, 504 A.2d 480, cert. denied, 476 U.S. 1184, 106 S. Ct. 2922, 91 L. Ed. 2d 550 (1986); *State* v. *Findlay,* 198 Conn. 328, 345–46, 502 A.2d 921, cert. denied, 476 U.S. 1159, 106 S. Ct. 2279, 90 L. Ed. 2d 721 (1986); *State* v. *Palmer,* 196 Conn. 157, 168–69, 491 A.2d 1075 (1985); *State* v. *Just,* 185 Conn. 339, 353, 441 A.2d 98 (1981). Those instructions, and any deviation from the previously approved language of those instructions did not, when viewed in the context of the entire charge, dilute the defendant's presumption of innocence or lessen the state's burden of proof as claimed by the defendant. It is clear after reading the court's charge in its entirety that the jury was adequately informed that the defendant was presumed innocent until the state proved otherwise and that it was the state's bur-

---

[1] The trial court's instructions that are the subject of the defendant's appeal concerning the presumption of innocence and reasonable doubt are as follows: "[B]ut you must keep in mind that those rules of law are made to protect the innocent and not the guilty"; and "[a] reasonable doubt is a doubt to which a valid reason can be assigned. . . . It is such a doubt as in serious affairs which concern you in your everyday life you would pay some strict attention to."

den to prove him guilty beyond a reasonable doubt. *State* v. *Derrico,* 181 Conn. 151, 170–71, 434 A.2d 356, cert. denied, 449 U.S. 1064, 101 S. Ct. 789, 66 L. Ed. 2d 607 (1980); *State* v. *Guthridge,* 164 Conn. 145, 154, 318 A.2d 87 (1972), cert. denied, 410 U.S. 988, 93 S. Ct. 1519, 36 L. Ed. 2d 186 (1973); *State* v. *Cari,* 163 Conn. 174, 181, 303 A.2d 7 (1972). Because there was no clear deprivation of a fundamental constitutional right, we will not review the defendant's claims relating to the presumption of innocence and reasonable doubt under *State* v. *Evans,* supra. *State* v. *Golding,* 213 Conn. 233, 240–41, 567 A.2d 823 (1989).

The defendant argues alternatively that his claims concerning the presumption of innocence and reasonable doubt are reviewable as plain error under Practice Book § 4185.[2] We disagree. Plain error review " ' "is reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings." ' *State* v. *Miller,* [202 Conn. 463, 469, 522 A.2d 249 (1987)], quoting *State* v. *Hinckley,* [198 Conn. 77, 87–88, 502 A.2d 388 (1985)]." *State* v. *Wright,* 207 Conn. 276, 288–89, 542 A.2d 299 (1988). In this instance, the trial court's instructions on the presumption of innocence and reasonable doubt

---

[2] "[Practice Book] Sec. 4185. (Formerly Sec. 3063). ERRORS CONSIDERED

"The supreme court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial. The supreme court may in the interests of justice notice plain error not brought to the attention of the trial court.

"In jury trials, where there is a motion, argument, or offer of proof or evidence in the absence of the jury, whether during trial or before, pertaining to an issue that later arises in the presence of the jury, and counsel has fully complied with the requirements for preserving any objection or exception to the judge's adverse ruling thereon in the absence of the jury, the matter shall be deemed to be distinctly raised at the trial for purposes of this rule without a further objection or exception provided that the grounds for such objection or exception, and the ruling thereon as previously articulated, remain the same."

did not result in a manifest injustice to the defendant. Id., 289. There is no plain error.

The defendant also claims that the trial court's instructions on intent placed too much emphasis on the fact that an individual's intent is usually proved by inference. He argues that where, as here, there was direct evidence of his lack of intent to cause death, the court's charge concerning the inferences that could be drawn from his actions was inappropriate and resulted in constitutional error.[3] We are unpersuaded. Our reading of the court's charge leads to the conclusion that the instructions on intent delivered by the trial court were adequate to guide the jury on that issue. If the defendant desired a charge more specifically tailored to his individual circumstance, he should have requested it. *Lane* v. *Ludeman,* 131 Conn. 112, 117, 38 A.2d 178 (1944).

The defendant also claims that the trial court, when it used the words "must" in one instance and "duty" in another relating to inferences and intent, created conclusive presumptions and forced the jury to draw inferences it might not otherwise have drawn. See *Sandstrom* v. *Montana,* 442 U.S. 510, 99 S. Ct. 2450, 61 L. Ed. 2d 39 (1979). The totality of the court's instructions, however, made clear that any inferences to be drawn by the jury were permissive, not mandatory. The court's charge with regard to intent did not deprive the defendant of a constitutional right and does not warrant review under *State* v. *Evans,* supra. *State* v. *Golding,* supra, 240–41.

There is no error.

---

[3] The defendant cites his pretrial statements as evidence that at the time of the homicide he was in the throes of cocaine induced intoxication that precluded him from forming a specific intent to cause death.