STATE OF CONNECTICUT *v.* CLYDE TURNER
(8923)

DUPONT, C. J., O'CONNELL and HEIMAN, Js.

Argued January 7—decision released March 19, 1991

*Susan M. Hankins,* assistant public defender, with whom, on the brief, were *G. Douglas Nash,* public defender, for the appellant (defendant).

*Mary H. Lesser,* assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *Gerald Esposito,* assistant state's attorney, for the appellee (state).

HEIMAN, J. The defendant appeals from the judgment of conviction, rendered after a jury trial, of crimi-

nal attempt to commit assault in the first degree in violation of General Statutes §§ 53a-49 (a) (2)[1] and 53a-59 (a) (1)[2] and assault in the second degree with a deadly weapon in violation of General Statutes § 53a-60 (a) (2).[3] He claims that (1) the trial court should not have submitted the charge of attempt to commit assault in the first degree to the jury because (a) the evidence was insufficient to support the elements of intent or substantial step and (b) the evidence proffered on this charge permitted a rational hypothesis that was inconsistent with guilt, (2) the court permitted the jury to go beyond the confines of the substantial step that was alleged in the information, (3) the court improperly instructed the jury on an uncharged statutory allegation that was not supported by the evidence, (4) the court improperly charged the jury with respect to the meaning of proof beyond a reasonable doubt, and (5) the court improperly charged the jury in such a manner as to cast the burden on the defendant to prove his innocence. We affirm the trial court's judgment.

The jury could reasonably have found the following facts. On January 22, 1989, at approximately 6:30 p.m., Antoinette Russell and Tina Flowers exited a building

---

[1] General Statutes § 53a-49 provides in pertinent part: "CRIMINAL ATTEMPT: SUFFICIENCY OF CONDUCT; RENUNCIATION AS DEFENSE. (a) A person is guilty of an attempt to commit a crime if, acting with the kind of mental state required for commission of the crime he . . . (2) intentionally does or omits to do anything which, under the circumstances as he believes them to be, is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime."

[2] General Statutes § 53a-59 provides in pertinent part: "ASSAULT IN THE FIRST DEGREE: CLASS B FELONY. (a) A person is guilty of assault in the first degree when: (1) With intent to cause serious physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument . . . ."

[3] General Statutes § 53a-60 provides in pertinent part: "ASSAULT IN THE SECOND DEGREE: CLASS D FELONY. (a) A person is guilty of assault in the second degree when . . . (2) with intent to cause physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument . . . ."

on Blatchley Avenue in New Haven. A car approached the area and the vehicle struck Flowers. The defendant exited the vehicle with a gun in his hand and told both women to "come here." The defendant approached Russell and pointed the gun at her face. The gun clicked, but it did not fire. Flowers had started to walk down the street, away from the defendant, when she heard shots. One bullet hit her in the back of the leg. Flowers was hospitalized because of her resulting injury. The defendant was later apprehended by the New Haven police who were responding to a radio broadcast about the shooting. No weapon was found, but a .38 caliber bullet was found in the defendant's pocket.

I

The defendant challenges the sufficiency of the evidence regarding the charge of attempt to commit assault in the first degree. He first posits that the state failed to establish that the defendant possessed the requisite intent to cause serious physical injury to Russell, and, secondly, he claims that the state failed to prove that the actions of the defendant constituted a substantial step in a course of conduct intended to culminate in an assault. Thus, he claims that two essential elements of § 53a-49 (a) (2) were not established. We do not agree.

When called upon to review a challenge to the sufficiency of the evidence, we are required to apply a two-pronged analysis. "We first review the evidence presented at trial, construing it in the light most favorable to sustaining the jury's verdict. We then determine whether, from the facts established and the inferences reasonably drawn therefrom, the jury could reasonably have concluded that the cumulative effect of the evidence established guilt beyond a reasonable doubt." *State* v. *Dawson,* 23 Conn. App. 720, 722–23, 583 A.2d 1326 (1991).

In his attack on the sufficiency of the evidence on the element of intent, the defendant claims that one of the victim's testimony was self-contradictory and that the testimony of the two victims was inconsistent. The defendant further claims that the clearest evidence of his lack of intent to attempt to commit assault in the first degree against Russell is the fact that only Flowers was shot.

The evidence taken in the light most favorable to sustaining the verdict indicates that the defendant aimed the gun at Russell and pulled the trigger. Although the gun clicked, it did not fire. The jury could reasonably have inferred from this evidence that the defendant intended to cause serious physical injury to Russell.

"The intent of the actor is a question for the trier of fact, and the conclusion of the trier in this regard should stand unless it is an unreasonable one." *State* v. *Avcollie,* 178 Conn. 450, 466, 423 A.2d 118 (1979), cert. denied, 444 U.S. 1015, 100 S. Ct. 667, 62 L. Ed. 2d 645 (1980). Further, when the conclusion is one that is dependent on the resolution of conflicting testimony, it should ordinarily be left to the jury for its judgment. *State* v. *Torello,* 100 Conn. 637, 647–48, 124 A. 375 (1924).

The jury was free to credit the testimony that the defendant pointed the loaded gun at Russell, pulled the trigger, and that the gun clicked but did not fire. Crediting this testimony, we cannot say that an inference that the defendant intended to inflict serious physical injury on Russell was either unreasonable or illogical. " 'It was within the province of the [trier] to draw reasonable and logical inferences from the facts proven. . . .' " (Citations omitted.) *State* v. *Avcollie,* supra, 470. "Also, the jury can draw an inference from the facts they

found as the result of other inferences." Id. Thus, the evidence presented at trial amply supported the existence of the requisite intent. See *State* v. *Green,* 194 Conn. 258, 273, 480 A.2d 526, cert. denied, 469 U.S. 1191, 105 S. Ct. 964, 83 L. Ed. 2d 969 (1984).

Drawing a second arrow from his quiver to attack the sufficiency of the evidence, the defendant claims that the state failed to establish that his conduct was a substantial step in a course of conduct planned to culminate in the commission of an assault as was alleged in the information. We do not agree.

We have previously reviewed the facts that the jury could reasonably have found, including the fact that the defendant pointed a loaded gun at Russell's face and pulled the trigger, but the gun clicked and did not fire.

Our Supreme Court has stated that " ' "the attempt is complete and punishable, when an act is done with intent to commit the crime, which is adapted to the perpetration of it, whether the purpose fails by reason of interruption . . . or for other extrinsic cause." *State* v. *Wilson,* 30 Conn. 500, 506 [1862]; *State* v. *Enanno,* 96 Conn. 420, 427, 114 A. 386 [1921].' *State* v. *Mazzadra,* [141 Conn. 731, 736, 109 A.2d 873 (1954)]. In *Mazzadra,* as noted earlier, we also said that '[t]he acts done must be at least the start of a line of conduct which will lead naturally to the commission of a crime which appears to the [defendant] at least to be possible of commission by the means adopted.' *State* v. *Mazzadra,* supra, citing 1 Wharton, Criminal Law (12th Ed.) § 221. Each case depends upon its own factual pattern. *State* v. *Mazzadra,* supra." *State* v. *Green,* supra, 276. What constitutes a substantial step in any given case is a question of fact to be resolved by the trier of fact under proper instructions. *State* v. *Green,* supra, 277.

" ' "To constitute a 'substantial step,' the conduct must be 'strongly corroborative of the actor's crimi-

nal purpose.' . . . 'The application of this standard will, of course, depend upon the nature of the intended crime and the facts of the particular case. . . . This standard properly directs attention to overt acts of the defendant which convincingly demonstrate a firm purpose to commit a crime.' " (Citations omitted.)' " *State v. Washington,* 15 Conn. App. 704, 717, 546 A.2d 911 (1988).

Our review of the evidence satisfies us that " '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " (Emphasis in original.) *State v. Scielzo,* 190 Conn. 191, 197, 460 A.2d 951 (1983).

Finally, with respect to his sufficiency of the evidence claims, the defendant posits that because the evidence supports a rational hypothesis that is inconsistent with the defendant's guilt of the crime of attempt to commit assault in the first degree as to the victim Russell, that the verdict cannot stand. We do not agree.

" 'A conclusion of guilt requires proof beyond a reasonable doubt, and proof to that extent is proof which precludes every reasonable hypothesis except that which it tends to support, and is consistent with the defendant's guilt and inconsistent with any other rational conclusion.' " *State v. Morrill,* 193 Conn. 602, 610, 478 A.2d 994 (1984). " 'But the requirement of proof beyond a reasonable doubt does not mean that the proof must be beyond a possible doubt, and a possible hypothesis or supposition of innocence is far different from a reasonable supposition.' " Id.; *State v. Payne,* 186 Conn. 179, 184, 440 A.2d 280 (1982); *State v. Foord,* 142 Conn. 285, 294–95, 113 A.2d 591 (1955). " 'Emphasis needs to be placed on the distinction between the word "reasonable" and the word "possible." . . . Proof of guilt must exclude every reasonable supposition of innocence . . . . "[A] mere

'possible hypothesis' of innocence will not suffice." '
(Citations omitted.) *State* v. *Englehart,* 158 Conn. 117,
121–22, 256 A.2d 231 (1969)." *State* v. *Morrill,* supra,
611.

## II

The defendant next claims that the trial court improp-
erly charged the jury by authorizing it to go beyond
the confines of the specific substantial step that was
alleged in the information, in violation of the defend-
ant's right to due process under the state[4] and federal
constitutions. We do not agree.

In the course of its charge, while explaining the con-
cept of an act's being a substantial step, the court used
the language "whether the accused did anything which
constituted a substantial step . . . ."[5] The court then
immediately went on to summarize the evidence relat-
ing to the substantial step that was alleged in the infor-
mation. Later in the charge, the trial court used the
language "did something which constituted a substan-
tial step"[6] and finally, in a supplemental charge, the

---

[4] Because the defendant has not presented a separate analysis under the
state constitution, we will consider his claims under the federal constitu-
tion only. See *State* v. *Ortiz,* 217 Conn. 648, 665 n.13, 588 A.2d 127 (1991).

[5] "It is for you to determine on the evidence whether the accused *inten-
tionally did anything which constituted a substantial step* in a course of
conduct which he planned to culminate in the commission of assault in the
first degree as to Antoinette Russell.

"Now the state claims, as I mentioned, that the defendant pointed a hand-
gun in the direction of Ms. Russell and pulled the trigger. Although no shot
was fired, the state claims the defendant intended to cause Antoinette Rus-
sell serious physical injury by pointing a loaded gun in her direction and
pulling the trigger.

"The defendant claims on the other hand that no credible evidence was
introduced which demonstrated that the defendant had the requisite intent
to cause Antoinette Russell serious physical injury nor *that any steps were
taken* toward commission of the crime of assault in the first degree."
(Emphasis added.)

[6] "To briefly sum it up, on the first count charging attempted assault
first degree, it will be your duty to decide whether the state has proven

court used language, "he intentionally does anything."[7]
From these few phrases, the defendant argues that the
trial court's charge impermissibly expanded the area
of the jury's inquiry about what the claimed substan-
tial step was.

The language about which the defendant now com-
plains tracks almost exactly his request to charge. He
nonetheless claims that he is entitled to an adjudica-
tion of this claim on the basis of *State* v. *Evans,* 165
Conn. 61, 327 A.2d 576 (1973), and *State* v. *Golding,*
213 Conn. 233, 567 A.2d 823 (1989).

Ordinarily, action induced by an appellant cannot be
a ground for error. *State* v. *Scognamiglio,* 202 Conn.
18, 25, 519 A.2d 607 (1987). "It seems a bit disingenu-
ous [however] for the defendant to claim the trial court
committed error by instructing the jury . . . when
he requested an instruction on that very issue. At least,
where no constitutional rights are violated, when an
accused requests in writing that an issue be submitted
to the jury, he cannot, on appeal, claim error in its sub-
mission. *State* v. *Hinckley,* 198 Conn. 77, 81 n.2, 502
A.2d 388 (1985)." *State* v. *Scognamiglio,* supra.

Our examination of the record leads us to conclude
that the portion of the charge about which the defend-
ant now complains did not, in any way, expand the
crime charged against the defendant. The charge that

---

beyond a reasonable doubt that the defendant, Clyde Turner, intention-
ally attempted to cause serious physical injury to Antoinette Russell by the
use of a deadly weapon, and that he intentionally *did something which con-
stituted a substantial step* in an effort to commit the crime of assault in
the first degree." (Emphasis added.)

[7] The court stated: "The attempt statute says: 'A person is guilty of an
attempt to commit a crime if acting with the kind of mental state required
for the commission of the crime *he intentionally does anything* which under
the circumstances as he believes them to be is an act constituting a sub-
stantial step in a course of conduct planned to culminate in his commission
of the crime.' The crime that is being referred to is the crime of assault
first degree." (Emphasis added.)

was given fairly met the issues presented. In our view, these instructions could not have misled the jury into assuming that they might properly convict the defendant on the basis of anything that was not grounded in the evidence. See *State* v. *Quintana,* 209 Conn. 34, 43, 547 A.2d 534 (1988).

Thus, the defendant cannot prevail on his unpreserved claim because he has failed to satisfy the second and third prongs of the *Golding* test on this issue. *State* v. *Golding,* supra, 239–40.

### III

The claims raised by the defendant in part III of his brief have been disposed of by our discussion in parts I and II of this opinion.

Specifically, we concluded above that the court's charge did not impermissibly expand the criminal liability of the defendant, and that there was more than sufficient evidence for the jury to have found all of the requisite elements of the crimes charged beyond a reasonable doubt.

### IV

### A

The defendant complains that the trial court violated his federal and state constitutional rights[8] by instructing the jury that a reasonable doubt "is a doubt for which a reasonable man or woman can give a valid reason."[9]

---

[8] See footnote 4, supra.

[9] The court's charge on reasonable doubt is as follows: "The law says that the state must not only prove him guilty but must prove him guilty beyond a reasonable doubt. It is not enough for the state to make out a case of probable guilt, but the burden on the state, which never shifts, is to prove the defendant guilty beyond a reasonable doubt.

"It is not required that the state prove the defendant guilty beyond all

The defendant concedes that no exception was taken to the trial court's charge on the issue of reasonable doubt. Further, the language about which the defendant now complains is taken from his own request to charge.[10] See *State* v. *Scognamiglio,* supra. Nonetheless, the defendant claims a right of review under *State* v. *Evans,* supra, and *State* v. *Golding,* supra. We disagree.

The record reveals that the instructions on the issue of reasonable doubt are the same or similar to jury instructions that have been approved by the Supreme Court. See, e.g., *State* v. *Brown,* 199 Conn. 14, 28, 505

possible doubt. A reasonable doubt means this: It is a doubt for which a reasonable man or woman can give a valid reason.

"The burden of proving his guilt beyond a reasonable doubt requires the state to produce sufficient evidence to create in your minds a strong and abiding conviction of the guilt of the defendant. In other words, it is the law that the evidence must be so sufficient that it would leave no room in your minds for any reasonable hypothesis of the innocence of the accused.

"A reasonable doubt is not a doubt raised by one who questions for the sake of raising a doubt. A reasonable doubt is not a surmise or speculation, or conjecture or an imaginary doubt. A reasonable doubt is not a capricious or a frivolous doubt, nor is it a doubt which is raised by the ingenuity of counsel or by a juror and unwarranted by the evidence, nor is it a doubt prompted by sympathy for the defendant.

"A reasonable doubt is a real doubt, an honest doubt, a doubt which has its foundation in the evidence offered in the case or the lack of evidence. Absolute certainty in the affairs of life is almost never attainable. And the law does not require absolute certainty to authorize a conviction. What it does require is that the guilt be established as charged beyond a reasonable doubt, which is one founded upon the evidence.

"A reasonable doubt is a doubt which would cause you as reasonable and prudent men and women to hesitate to act in the more weighty and important matters relating to your own affairs. Proof beyond a reasonable doubt is proof only consistent with the defendant's guilt and inconsistent with any other rational conclusion."

[10] The defendant's request to charge reads as follows: "Now, the phrase 'reasonable doubt' has no technical or unusual meaning. You can arrive at the real meaning of it by emphasizing the word 'reasonable.' A reasonable doubt is a doubt for which a valid reason can be assigned. It is a doubt which is something more than a guess or surmise."

A.2d 690 (1986); *State* v. *Palmer,* 196 Conn. 157, 168–69, 491 A.2d 1075 (1985); *State* v. *Just,* 185 Conn. 339, 353, 441 A.2d 98 (1981). It is clear after reading the court's charge in its entirety that the jury was more than adequately informed as to the nature of the requirement of proof beyond a reasonble doubt. A charge to the jury is not to be critically dissected or examined in isolation from the charge as a whole. *State* v. *Reed,* 174 Conn. 287, 304–305, 386 A.2d 243 (1978). The test to be applied to any portion of the charge is whether the charge as a whole presents the case to the jury so that no injustice will be done. *State* v. *Piskorski,* 177 Conn. 677, 746, 419 A.2d 866, cert. denied, 444 U.S. 935, 100 S. Ct. 283, 62 L. Ed. 2d 194 (1979). The charge in this case met this test.

Because there was no clear deprivation of a fundamental constitutional right, we will follow the example of our Supreme Court, and decline to review the defendant's claim relating to reasonable doubt under *State* v. *Evans,* supra, and *State* v. *Golding,* supra. *State* v. *Thomas,* 214 Conn. 118, 120, 570 A.2d 1123 (1990).

B

The defendant finally claims that the charge placed a burden on him to prove his innocence and that its emphasis on the concept of innocence injected an extraneous concept irrelevant to the constitutionally mandated standard.

The defendant points to no specific part of the trial court's charge to support either of these claims.

We have examined the court's charge as a whole and we are satisfied that it fully, fairly and impartially instructed the jury with respect to the state's burden of proof and the defendant's presumption of innocence. *State* v. *Piskorski,* supra; see also *State* v. *Thomas,* supra.

The defendant's claims are unsupported by the record and are without merit.

The judgment is affirmed.

In this opinion the other judges concurred.