## State of Connecticut *v.* Lawrence Smith
## (9537)

Dupont, C. J., Norcott and Heiman, Js.

Argued October 1—decision released December 24, 1991

*Lauren Weisfeld,* assistant public defender, with whom, on the brief, was *G. Douglas Nash,* public defender, for the appellant (defendant).

*Marjorie Allen Dauster,* deputy assistant state's attorney, with whom, on the brief, were *John M. Bailey,* state's attorney, and *Warren Maxwell,* assistant state's attorney, for the appellee (state).

DUPONT, C. J. The defendant was convicted of larceny in the first degree in violation of General Statutes § 53a-122 (a) (3), conspiracy to commit larceny in the first degree in violation of §§ 53a-48 (a) and 53a-122 (a) (3), three counts of larceny in the second degree in violation of § 53a-123 (a) (1), and two counts of larceny in the third degree in violation of § 53a-124 (a) (1). The defendant claims that the trial court improperly instructed the jury as to (1) the meaning of proof beyond a reasonable doubt, (2) the defendant's right to a unanimous verdict, and (3) the standard of proof applicable to inferences to be drawn from circumstantial evidence. We affirm the judgments of conviction.

The facts in this case are undisputed. The defendant was charged in connection with his sale of six stolen automobiles to undercover police officers who were conducting a sting operation. Each transaction was videotaped, and the tapes were viewed by the jury at trial. The defendant testified on his own behalf. His defense was that he intended to sell the stolen property to the undercover officers because he knew the vehicles would then be restored to their rightful owners. The jury was unpersuaded by his defense.

I

The defendant's first claim is that the trial court improperly instructed the jury as to the meaning of proof beyond a reasonable doubt. In its instructions to the jury on reasonable doubt, the trial court stated: "You can arrive at the real meaning of [reasonable doubt] by emphasizing the word reasonable. A reasonable doubt is a doubt for which a valid reason can be

assigned. It is a doubt which is something more than a guess or a surmise. It is not a conjecture or a fanciful doubt. A reasonable doubt is not a doubt which is raised by someone simply for the sake of raising doubts nor is it a doubt suggested by the ingenuity of counsel, which is not warranted in the evidence. A reasonable doubt, in other words, is a real doubt, an honest doubt, a doubt which has its foundation in the evidence or in the lack of evidence. It is such doubt as in the serious affairs which concern you in your everyday life, you would pay some strict attention to." The defendant argues that the "valid reason" language, together with the last sentence of the instructions on reasonable doubt, violated his constitutional right not to be convicted except upon proof beyond a reasonable doubt because the challenged language diluted the state's burden of proof, and shifted the burden of proof to him.

The defendant asks us to review this claim notwithstanding the fact that he requested almost identical language in his request to charge,[1] and despite the fact that he failed to object or except to the challenged instruction.[2] The defendant seeks review of this claim

---

[1] With respect to the meaning of "proof beyond a reasonable doubt," the defendant, by written motion, requested that the following instruction be given: "You can arrive at the real meaning of [reasonable doubt] by emphasizing the word 'reasonable.' A reasonable doubt is a doubt for which a valid reason can be assigned. It is a doubt which is something more than a guess or surmise. It is not a conjecture or fanciful doubt. A reasonable doubt is not a doubt which is raised by someone simply for the sake of raising doubts. Nor is it a doubt suggested by the ingenuity of counsel or any of the jurors, which is not justified by the evidence or lack of evidence. A reasonable doubt is a doubt based on reason and not on the mere possibility of innocence. It is a doubt for which you can, in your own mind, conscientiously give a reason. A reasonable doubt, in other words, is a real doubt, an honest doubt, a doubt which has its foundation in the evidence or lack of evidence. It is a doubt which, in the serious affairs which concern you, in every day life, you would pay heed and attention to."

[2] We note at the outset that "[o]rdinarily, action induced by an appellant cannot be a ground for error. *State* v. *Scognamiglio,* 202 Conn. 18, 25, 519 A.2d 607 (1987)." *State* v. *Turner,* 24 Conn. App. 264, 272, 587

under *State* v. *Golding,* 213 Conn. 233, 239–40, 567 A.2d 823 (1989), or, alternatively, under Practice Book § 4185. Because no clear constitutional violation exists, we decline to review this claim. See *State* v. *Thomas,* 214 Conn. 118, 120, 570 A.2d 1123 (1990).

The defendant urges us, however, to reconsider the conclusion in *Thomas* that the challenged instruction, which was identical to the instruction here, did not create a clear constitutional deprivation, in light of a recent United States Supreme Court decision, *Cage* v. *Louisiana,* 498 U.S.   , 111 S. Ct. 328, 112 L. Ed. 2d 339 (1990). We conclude that *Cage* would have no effect on the holding as stated in *Thomas* and as applied here. *Cage* involved a very bare-bones instruction on reasonable doubt.[3] In reversing the defendant's conviction on the basis of the jury instruction regarding reasonable doubt, that court held that the words "substantial" and "grave," considered in reference to "moral certainty," suggest a higher degree of doubt than is required for acquittal by the due process clause. Id., 329. The language challenged by the defendant in this case is in no way similar to that condemned in *Cage.* Thus, *Cage* does not require a reconsideration of the holding in *Thomas,* nor is the claim worthy of plain error review under Practice Book § 4185. The alleged error did not affect the fairness and integrity of the proceeding, nor did it result in an unreliable verdict or a manifest injustice to the defendant.

A.2d 1050 (1991). It seems disingenuous, however, for the defendant to claim that the trial court committed error by instructing the jury "when he requested an instruction on that very issue. At least, where no constitutional rights are violated, when an accused requests in writing that an issue be submitted to the jury, he cannot, on appeal, claim error in its submission." *State* v. *Turner,* supra.

[3] In *Cage,* the jury was instructed that " '[i]t must be such doubt as would give rise to a grave uncertainty . . . . It is an actual substantial doubt. It is a doubt that a reasonable man can seriously entertain. What is required is not an absolute or mathematical certainty, but a moral certainty.' " *Cage* v. *Louisiana,* 498 U.S.   , 111 S. Ct. 328, 329, 112 L. Ed. 2d 339 (1990).

## II

The defendant's second claim is that the trial court violated his constitutional right to a unanimous jury verdict because of its failure specifically to instruct the jury that it must unanimously determine which of the particular acts of larceny he committed, i.e., receiving, retaining or disposing of stolen property. The defendant neither requested a specific unanimous verdict instruction nor objected to the failure of the trial court to give one. "A claim bearing on the defendant's right to a unanimous verdict implicates a fundamental constitutional right to a fair trial and is thus reviewable despite the defendant's failure to request a specific unanimity charge or to take proper exceptions." *State* v. *Famiglietti,* 219 Conn. 605, 619, 595 A.2d 306 (1991).

The trial court instructed the jury in pertinent part: "The state must have proven that the defendant received, retained or disposed of the stolen property. The connecting word or is used so that the evidence upon this element of the crime would be sufficient if it proved that the defendant received or retained or disposed of the property." It also instructed the jury: "Remember that your verdict must be unanimous. It has to be agreed to by everyone."

A specific unanimity charge is not required in every case in which criminal liability may be premised on the violation of one of several alternative subsections of a statute. *State* v. *Famiglietti,* supra. Upon review of a trial court's failure to give such an instruction, "[w]e first review the instruction that was given to determine whether the trial court has sanctioned a nonunanimous verdict. If such an instruction has not been given, that ends the matter." Id., 619.

In this case, the defendant has failed to demonstrate how the instructions as given sanctioned a nonunani-

mous verdict. In fact, the language contained in the instructions quoted previously suggests just the opposite. Therefore, the defendant cannot prevail on this claim.

## III

The defendant's final claim is that the trial court improperly instructed the jury on circumstantial evidence.[4] He argues that the charge prevented the jury from drawing relevant defense inferences specifically related to his intent, unless the jurors found the underlying facts proven beyond a reasonable doubt. He concludes that such an instruction diluted the state's burden of proof, thereby violating his constitutional right to be convicted only on proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he was charged. See *In re Winship,* 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970). The defendant failed to preserve this claim properly but seeks review under *State* v. *Golding,* supra. The defendant cannot prevail on this claim because he cannot show that "the alleged constitutional violation . . . clearly exists and . . . clearly deprived the defendant of a fair trial." Id., 240; *State* v. *Ortiz,* 217 Conn. 648, 666, 588 A.2d 127 (1991).

We have recently considered a similar claim in *State* v. *Falcon,* 26 Conn. App. 259, 600 A.2d 1364 (1991). In *Falcon,* we reviewed the instruction as a whole, not just the circumstantial evidence instruction in isolation from

[4] Regarding circumstantial evidence, the trial court instructed the jury, in pertinent part, as follows: "In fact, proof by circumstantial evidence may be as conclusive as would be the testimony of witnesses speaking on their own observations. Of course, in passing upon the guilt of an accused person on the basis of circumstantial evidence, you must be satisfied that the basic facts from which you are asked to draw the inference has been proven beyond a reasonable doubt. If and only if you find the basic facts have been proven beyond a reasonable doubt may you go on to consider whether you should make the inference. Also, the inference must be reasonable and logical and not the result of speculation or conjecture. You must also be satisfied that the fact to be proven has been proven beyond a reasonable doubt."

the remainder of the charge, because, even though the principal issue in the case was intent, there was no improper suggestion to the jury that the state's burden of proof is something less than beyond a reasonable doubt. *State* v. *Falcon*, supra, 273; compare *State* v. *Whelan*, 200 Conn. 743, 757, 513 A.2d 86, cert. denied, 479 U.S. 994, 107 S. Ct. 597, 93 L. Ed. 2d 598 (1986) (improper suggestion regarding reasonable doubt and therefore review of circumstantial evidence instruction in isolation where principal issue is intent).

The analysis used in *Ortiz* and *Falcon* controls in this case, and, therefore, our review is limited to a determination of whether "it is reasonably possible that the instruction misled the jury." *State* v. *Falcon*, supra, 274. The trial court reminded the jury on several occasions during its instructions that it had to find each element of the crime proved beyond a reasonable doubt, including the defendant's intent. The trial court instructed the jury on the role of the defendant's "lack of intent" defense in this case. At no time did the trial court suggest that the defendant's circumstantial evidence in his defense should be ignored unless it satisfied the "beyond reasonable doubt" standard distinctly set forth as applicable to the state.

Furthermore, we note that a separate instruction that the defendant could rely upon circumstantial evidence to establish his defense "could . . . have misled the jury to believe that if [the defendant] did not sufficiently 'establish' his [defense], he could not be acquitted on the basis of a reasonable doubt growing from any perceived inadequacy in the state's proof." *State* v. *Ortiz*, supra, 668; *State* v. *Falcon*, supra. Therefore, we conclude that the instruction on circumstantial evidence, in the context of the jury charge as a whole, is sufficient and it is not reasonably possible that the jury was misled.

The judgment is affirmed.

In this opinion the other judges concurred.