*Henry Friedlander,* pro se, in support of the petition.

Decided May 21, 1992

STATE OF CONNECTICUT *v.* LESBURN HARVEY

The defendant's petition for certification for appeal from the Appellate Court, 27 Conn. App. 171, is denied.

BERDON, J., dissenting. I would grant certification in this matter to review whether the Appellate Court correctly held that the trial judge's instructions did not violate the defendant's state and federal due process rights. *State* v. *Harvey,* 27 Conn. App. 171, 605 A.2d 563 (1992). The trial judge's instruction on the presumption of innocence included the following: " 'It is the sworn duty of the courts and jurors to safeguard the rights of persons charged with crime by respecting the presumption of innocence which the law imputes to every person so charged and by making the state meet its burden of proving guilt beyond a reasonable doubt but *you must keep in mind that those rules of law are made to protect the innocent and not the guilty.* If

and when the presumption of innocence has been overcome by evidence proving beyond a reasonable doubt that the accused is guilty of the crime charged, then it is your sworn duty to enforce the law and render a verdict of guilty.' '' (Emphasis added.) Id., 190 n.12.

In *Floyd* v. *Meachum,* 907 F.2d 347, 354 (2d Cir. 1990), the Second Circuit Court of Appeals held that "the prosecutor's repeated remarks that the Fifth Amendment was a 'protection for the innocent' and not 'a shield' for 'the guilty' incorrectly stated the law by diluting the State's burden of proof beyond a reasonable doubt and undermining the presumption of innocence." The Second Circuit concluded that this was reversible error. It then reversed our Appellate Court in *State* v. *Floyd,* 10 Conn. App. 361, 523 A.2d 1323, cert. denied, 203 Conn. 809, 525 A.2d 523, cert. denied, 484 U.S. 859, 108 S. Ct. 172, 98 L. Ed. 2d 126 (1987), granted the petitioner's writ of habeas corpus and ordered a new trial. The appeals court went on to state: "The heavy burden of proof that the United States Constitution, as interpreted by the Supreme Court, imposes on the prosecution means that the guilty will sometimes go free. As the dissenting judge in the Appellate Court pointed out, constitutional rights are not conditioned on guilt or innocence and '[t]he requirement of proof beyond a reasonable doubt for a conviction is neither a sword, nor a shield, but a necessary element of proof placed solely upon the prosecution.' *State* v. *Floyd,* [supra, 390] (Bieluch, J., dissenting). Cf. *United States* v. *Bifield,* 702 F.2d 342, 351 (2d Cir.) (whether similar language alone constitutes reversible error presents a close question and must be determined by its context), cert. denied, 461 U.S. 931, 103 S. Ct. 2095, 77 L. Ed. 2d 304 (1983)." *Floyd* v. *Meachum,* supra, 354.

Obviously, in the present case, the Appellate Court sought to distinguish this *one* remark by the trial judge

from the repeated remarks made by the prosecutor in *Floyd.* Nevertheless, the egregious language came from the trial judge, which makes it reviewable on a completely different level. Notwithstanding *State* v. *Thomas,* 214 Conn. 118, 570 A.2d 1123 (1990), I would grant certification.

Accordingly, I dissent.

*Neal Cone,* assistant public defender, in support of the petition.

*Mary H. Lesser,* assistant state's attorney, in opposition.

Decided May 21, 1992