## STATE OF CONNECTICUT *v.* CLOID DEWITT
## (10100)

DUPONT, C. J., NORCOTT and HEIMAN, Js.

Argued June 10—decision released August 18, 1992

*Neal Cone,* assistant public defender, with whom, on the brief, was *G. Douglas Nash,* public defender, for the appellant (defendant).

*Richard F. Jacobson,* assistant state's attorney, with whom, on the brief, were *Donald A. Browne,* state's attorney, and *Linda Howe,* assistant state's attorney, for the appellee (state).

DUPONT, C. J. The defendant appeals from a judgment of conviction, rendered after a jury trial, of the

crime of possession of narcotics with intent to sell in violation of General Statutes § 21a-277 (a).[1] The defendant claims that the trial court incorrectly (1) denied his motion for a judgment of acquittal which was based upon insufficiency of the evidence, and (2) charged the jury on the issue of reasonable doubt. We affirm the judgment of the trial court.

The defendant made a motion for a judgment of acquittal at the completion of the state's case. See Practice Book § 887. The trial court denied the motion and an exception was taken. The jury could reasonably have found a number of relevant facts. On September 13, 1988, at about 8:45 p.m., Officers Nicholas Ortiz and John Losak of the Bridgeport police department were assigned to conduct a narcotics investigation at Father Panik Village, building 13. They drove into the courtyard between buildings nine and thirteen in an unmarked police car and parked near a dumpster. The well lighted area was known for high narcotics trafficking, especially cocaine and crack. The officers observed the defendant standing about four feet from them in the courtyard between concrete traffic barriers and the dumpster. There were other individuals in the area who

---

[1] General Statutes § 21a-277 (formerly § 19-480) provides in pertinent part: "PENALTY FOR ILLEGAL MANUFACTURE, DISTRIBUTION, SALE, PRESCRIPTION, DISPENSING. (a) Any person who manufactures, distributes, sells, prescribes, dispenses, compounds, transports with the intent to sell or dispense, possesses with the intent to sell or dispense, offers, gives or administers to another person any controlled substance which is a hallucinogenic substance other than marihuana, or a narcotic substance, except as authorized in this chapter, for a first offense, shall be imprisoned not more than fifteen years and may be fined not more than fifty thousand dollars or be both fined and imprisoned; and for a second offense shall be imprisoned not more than thirty years and may be fined not more than one hundred thousand dollars, or be both fined and imprisoned; and for each subsequent offense, shall be imprisoned not more than thirty years and may be fined not more than two hundred fifty thousand dollars, or be both fined and imprisoned. . . ."

left when the uniformed officers exited the car. The defendant had not been observed approaching anyone or conducting any transactions.

The defendant saw the officers and placed a clear plastic bag containing several red objects in his mouth. Ortiz testified that narcotics are often placed in plastic sandwich bags and that street level dealers place the bags in their mouths hoping that the police will not see the drugs. The defendant turned his back on the officers just before he was seized. They removed the bag from his mouth and found it to contain forty-four plastic vials with red caps. A field test indicated that a white substance in the vials was cocaine. No significant amount of money was seized from the defendant.

Ortiz indicated that each of the vials of cocaine would be worth $5 and would allow a user to be high for fifteen to twenty minutes. Ortiz testified that a typical buyer would purchase between one and five vials at a time. Losak testified that buyers typically purchased one or two vials at a time, but he had arrested buyers who had purchased five to ten vials at once. A state toxicologist testified that each vial tested contained between 42.9 and 58.6 milligrams of cocaine that was 82.2 to 86.9 pure. This, he said, was typical of crack cocaine seized in the Bridgeport area. The defendant testified that the forty-four vials of cocaine were for his and a friend's use and that he had no intention of selling them.

I

The defendant claims that the evidence presented by the state prior to his motion for a judgment of acquittal was insufficient to sustain a conviction on the charge of possession with intent to sell narcotics because the state failed to prove his intent to sell.[2] The defendant's

---

[2] The defendant urges us to abolish the waiver rule, pursuant to which a defendant may not obtain appellate review of a denial of a motion for

argument is that the forty-four vials found in his possession do not allow an inference of his intent to sell, but rather would allow an inference that he intended the vials for personal use. He argues, therefore, that the trial court should have granted his motion for acquittal. We disagree.

Pursuant to Practice Book § 884, the trial court shall order the entry of a judgment of acquittal as to any offense for which the evidence would not support a finding of guilt. When examining claims of insufficient evidence, this court employs a two part analysis. First, we review the trial evidence, construing it in the most favorable manner reasonably possible to support the jury's verdict. Second, we ascertain whether a jury could reasonably have concluded that the cumulative effect of the established evidence, and the inferences reasonably drawn from those evidentiary facts, established guilt beyond a reasonable doubt. *State* v. *King,* 216 Conn. 585, 600–601, 583 A.2d 896 (1990); *State* v. *Bowens,* 24 Conn. App. 642, 646, 591 A.2d 433, cert. denied, 220 Conn. 906, 593 A.2d 971 (1991). "Where a group of facts are relied upon for proof of an element of the crime it is their cumulative impact that is to be weighed in deciding whether the standard of proof beyond a reasonable doubt has been met and each individual fact need not be proved in accordance with that standard." *State* v. *McDonough,* 205 Conn. 352, 355, 533 A.2d 857 (1987), cert. denied, 485 U.S. 906, 108 S. Ct. 1079, 99 L. Ed. 2d 238 (1988). Thus, each essen-

---

a judgment of acquittal at the close of the state's case without waiving his right to introduce evidence in his own behalf. The defendant here introduced evidence in his own behalf after his motion for judgment of acquittal, made at the completion of the state's case, was denied. Because we have concluded that the evidence at the close of the state's case was sufficient to support a conviction, we do not reach the issue of whether the courts of this state should abandon the waiver rule. See *State* v. *Hufford,* 205 Conn. 386, 391 n.5, 533 A.2d 866 (1987); *State* v. *Simino,* 200 Conn. 113, 118 n.5, 509 A.2d 1039 (1986).

tial element of the crime must be proven beyond a reasonable doubt; *In re Winship,* 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970); *State* v. *King,* supra, 601; and a jury may not speculate or resort to conjecture but may draw only reasonable, logical inferences from the proven facts. *State* v. *King,* supra; *State* v. *Bowens,* supra.

This case is similar to *State* v. *Napoleon,* 12 Conn. App. 274, 530 A.2d 634, cert. denied, 205 Conn. 809, 532 A.2d 78 (1987). In *Napoleon,* the defendant was standing with a group of men rolling a marihuana cigarette when police officers approached. He threw a bag into a nearby automobile and attempted to leave. The bag was found to contain four manila envelopes of marihuana and four glassine bags of cocaine. The defendant had fifteen foil packets and four more glassine bags containing cocaine and heroin on his person. This court upheld the conviction of possession of narcotics with intent to sell, stating that evidence of the location of the defendant in an area known for drug trafficking, the packaging of the narcotics in a manner commonly used for retail sale, and the quantity of the narcotics was sufficient to support the verdict.

In this case, Ortiz and Losak testified that the defendant was standing in an area known for high narcotics trafficking, that he was in possession of a large quantity of narcotics packaged in a manner used by street dealers, and that, when police officers approached, he hid the narcotics in his mouth in a manner used by street level dealers. On the basis of the officers' testimony about quantities purchased by typical buyers, the jury could have concluded reasonably that the amount possessed by the defendant was not intended for his personal use. A trier of fact could have concluded reasonably at the close of the state's case, without any consideration of the defendant's evidence, that the state had proven beyond a reasonable doubt that the defend-

ant possessed narcotics with an intent to sell them. See *State* v. *Avila,* 166 Conn. 569, 353 A.2d 776 (1974); *State* v. *Bowens,* supra; *State* v. *Uribe,* 14 Conn. App. 388, 540 A.2d 1081 (1988); *State* v. *Parent,* 8 Conn. App. 469, 513 A.2d 725 (1986). The trial court, therefore, properly denied the defendant's motion for a judgment of acquittal.

## II

The defendant also raises four challenges to the trial court's instruction on reasonable doubt. The trial court stated that a reasonable doubt "is a doubt for which you can, in your own mind, conscientiously find [and] assign a reason to it." It also stated that proof beyond a reasonable doubt is "that proof which leaves you with a strong and abiding conviction that this accused is guilty of the crime with which he's been charged." The court gave a two inference instruction which is that if two conclusions can reasonably be drawn from a piece of evidence, one of which is consistent with innocence, and the other consistent with guilt, the jury should adopt the one of innocence.[3] It also stated that the rules of law are made "to protect the innocent and not the guilty." The defendant did not object to any of these statements and seeks review under the *Evans-Golding* standard. *State* v. *Golding,* 213 Conn. 233, 567 A.2d 823 (1989); *State* v. *Evans,* 165 Conn. 61, 327 A.2d 576 (1973). Any instruction that dilutes the state's burden to prove beyond a reasonable doubt all of the essential elements of a crime with which a defendant is charged would be unconstitutional. *State* v. *Falcon,* 26 Conn. App. 259, 268, 600 A.2d 1364 (1991), cert. denied, 221 Conn. 911, 602 A.2d 10 (1992). The record here is adequate for review. We next analyze the defendant's

---

[3] As noted in *State* v. *Dumlao,* 3 Conn. App. 607, 616, 491 A.2d 404 (1985), this is not a correct statement of the law.

claim in this case to see if he has demonstrated that the alleged constitutional violations clearly exist and clearly deprived him of a fair trial. Id., 269.

Challenges to various jury instructions regarding reasonable doubt are common. Language similar to that in each of the challenged instructions as to reasonable doubt has been previously held not to create a clear constitutional violation for the purposes of review under *Golding.* The defendant in *State* v. *Thomas,* 214 Conn. 118, 119 n.1, 570 A.2d 1123 (1990), could not prevail on his challenge to an instruction about assigning a reason for any doubt and about the purpose of protecting the innocent. Nor did similar language regarding a "strong and abiding conviction" allow the defendant to prevail in *State* v. *Bowens,* supra, 653. The courts in *State* v. *Dyson,* 217 Conn. 498, 504, 586 A.2d 610 (1991), and *State* v. *Falcon,* supra, 272, discuss the two inference instruction, and hold that although the instruction benefits the defendant and should not be given, it does not dilute the state's burden of proof.

We have stated on countless occasions that individual jury instructions will not be judged in isolation from the entire charge and that the instructions must be read as a whole. *State* v. *Watlington,* 216 Conn. 188, 195, 579 A.2d 490 (1990); *State* v. *Polanco,* 26 Conn. App. 33, 44, 597 A.2d 830 (1991). When viewed in the context of the entire charge, the challenged instructions given by the trial court did not dilute or shift the state's burden of proof. *State* v. *Thomas,* 214 Conn. 118, 120, 570 A.2d. 1123 (1990). "It is clear after reading the court's charge in its entirety that the jury was adequately informed that the defendant was presumed innocent until the state proved otherwise and that it was the state's burden to prove him guilty beyond a reasonable doubt." Id., 119–20. Accordingly, we conclude that the defendant cannot prevail under the

precepts of *Golding* because he has not been clearly deprived of a fundamental constitutional right. Id., 120; see also *State* v. *Ireland,* 218 Conn. 447, 590 A.2d 106 (1991); *State* v. *Dixon,* 28 Conn. App. 444, 611 A.2d 432 (1992).

The judgment is affirmed.

In this opinion the other judges concurred.