### LAWRENCE SMITH *v.* COMMISSIONER OF CORRECTION
### (AC 30314)

Flynn, C. J., and Alvord and West, Js.*

Argued March 18—officially released July 20, 2010

---

\* The listing of judges reflects their seniority status on this court as of the date of oral argument.

*Michael Stone*, special public defender, for the appellant (petitioner).

*Jo Anne Sulik*, senior assistant state's attorney, with whom, on the brief, was *Gail P. Hardy*, state's attorney, for the appellee (respondent).

Opinion

PER CURIAM. The petitioner, Lawrence R. Smith, appeals from the judgment of the habeas court dismissing in part his claims of ineffective assistance of trial and habeas counsel and finding that his remaining claims were barred by principles of res judicata. The court granted the petitioner's petition for certification to appeal. We affirm the judgment of dismissal by the habeas court and its determination that the petitioner's remaining claims were barred by the doctrine of res judicata.

The present habeas petition relates to the petitioner's convictions in two different criminal cases, the first case (first case), based on an incident that occurred on July 21, 1989, the petitioner was convicted of kidnapping in the first degree in violation of General Statutes § 53a-92 (a) (2) (A) and (B) and, one count each of robbery in the third degree in violation of General Statutes § 53a-136, larceny in the second degree in violation of General Statutes § 53a-123 (a) (3) and assault in the third degree in violation of General Statutes § 53a-61 (a) (1). He was sentenced to thirty-five years imprisonment. His conviction was affirmed by our Supreme Court. See *State* v. *Smith*, 219 Conn. 160, 161, 592 A.2d 382 (1991).

Also in 1989, in a second unrelated case (second case), the petitioner was convicted of larceny in the first degree in violation of General Statutes § 53a-122

(a) (3), conspiracy to commit larceny in the first degree in violation of General Statutes §§ 53a-122 (a) (3) and 53a-48 (a), three counts of larceny in the second degree in violation of § 53a-123 (a) (1) and two counts of larceny in the third degree in violation of General Statutes § 53a-124 (a) (1). For those crimes, he was sentenced to an additional fifteen years imprisonment to be served concurrently to the thirty-five year sentence. That conviction was affirmed. See *State* v. *Smith*, 26 Conn. App. 279, 285, 600 A.2d 1036 (1991).

The petitioner has brought prior habeas petitions, which have been unsuccessful, against prior trial and habeas counsel. All of these petitions were dismissed and the dismissals were upheld on appeal.[1] In the present habeas petition, he claimed that his trial counsel, attorney Julian Schlesinger, was ineffective in the first case in which the petitioner was convicted of kidnapping, robbery, larceny and assault.

The court dismissed the petitioner's claims against his trial counsel, Schlesinger, and his first habeas counsel, attorney Thomas Conroy, on the ground that they were successive. The petitioner claims on appeal that the dismissal was an improper application of Practice Book § 23-29. That provision provides in relevant part that the "judicial authority may, at any time, upon its own motion or upon motion of the respondent, dismiss

---

[1] There are two pairs of prior petitions, the first handled by attorney Thomas Conroy, Docket Nos. CV-90-0000845 and CV-90-001028, alleging ineffective assistance of trial counsel and appellate counsel, respectively, in the underlying criminal case. The habeas petitions were dismissed and the dismissals upheld on appeal. See *Smith* v. *Commissioner of Correction*, 51 Conn. App. 905, 727 A.2d 821 (1999) (per curiam). The second pair comprises Docket Nos. CV-99-0334726 and CV-99-03335566, alleging ineffective assistance of counsel against Conroy in his handling of the first set of habeas cases. The petitioner was represented in this latter set of cases by attorney Dennis McDonough. Appeals were filed in both of McDonough's cases; however, the appeals did not progress further after a motion to withdraw was filed by appellate counsel.

the petition, or any count thereof, if it determines that . . . the petition presents the same ground as a prior petition previously denied and fails to state new facts or to proffer new evidence not reasonably available at the time of the prior petition . . . ." Practice Book § 23-29.

The petitioner claims in the present habeas petition that Schlesinger was ineffective in introducing evidence that he had lied to the police and was in Hartford on the date of the July 21, 1989 incident because he had an appointment in connection with his release on parole as a result of his commission of a prior crime. He also claims that Conroy was ineffective in not raising these factual issues in the first habeas trial.

It is worth noting that in his habeas proceeding before Judge Zarella, the petitioner then claimed that "[t]rial counsel failed to adequately pursue a line of questioning that would have allowed the petitioner to explain his false statement . . . ." to the police. *Smith* v. *Warden*, Superior Court, judicial district of Tolland, Docket No. CV 845, 1236, 0128, 1291 (July 11, 1997), aff'd sub nom. *Smith* v. *Commissioner of Correction*, 51 Conn. App. 905, 727 A.2d 821 (1999) (per curiam).

After a thorough review Judge Zarella found no prejudice to the petitioner in his trial counsel's performance. Specifically, the court held that "[a]fter review of all the alleged deficiencies both individually and cumulatively in trial counsel's representation of the petitioner, the court finds that the petitioner has failed 'to establish a probability sufficient to undermine confidence in the outcome.' . . . *Bunkley* v. *Commissioner of Correction*, [222 Conn. 444, 445–46, 610 A.2d 598 (1992)]." *Smith* v. *Warden*, supra, Superior Court, Docket No. CV 845, 1236, 0128, 1291.

Initially, we set forth the appropriate standard of review for a challenge to the dismissal of a petition for

a writ of habeas corpus when certification to appeal is granted. "The conclusions reached by the trial court in its decision to dismiss [a] habeas petition are matters of law, subject to plenary review. . . . [When] the legal conclusions of the court are challenged, [the reviewing court] must determine whether they are legally and logically correct . . . and whether they find support in the facts that appear in the record." (Internal quotation marks omitted.) *Johnson* v. *Commissioner of Correction*, 285 Conn. 556, 566, 941 A.2d 248 (2008). "To the extent that factual findings are challenged, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous . . . ." (Internal quotation marks omitted.) *Grant* v. *Commissioner of Correction*, 121 Conn. App. 295, 298, 995 A.2d 641 (2010).

The habeas court properly recognized that two petitions may be brought on the same legal grounds if the two petitions seek different relief. See *McClendon* v. *Commissioner of Correction*, 93 Conn. App. 228, 231, 888 A.2d 183, cert. denied, 277 Conn. 917, 895 A.2d 789 (2006). Successive petitions based on the same legal grounds and seeking the same relief are susceptible to a motion to dismiss. Id. An exception is drawn to this rule if newly discovered facts are the ground of the second petition. Id. However, in this case, the court concluded properly that a "ground" is a sufficient legal basis for granting the relief sought, that the ground was ineffective assistance in both the first and second petition and that the second petition was merely a reformation of the same factual bases that had already been asserted. In other words, there are no newly discovered facts here. We therefore affirm the partial dismissal of the petition as to the claims against Schlesinger and Conroy. They were successive in that they were presented on the same grounds of ineffective assistance of counsel. "Identical grounds may be proven by different

factual allegations, supported by different legal arguments or articulated in different language." *James L.* v. *Commissioner of Correction*, 245 Conn. 132, 141, 712 A.2d 947 (1998). However they are proved, such grounds as the petitioner asserted are identical in that each alleges ineffective assistance of counsel, and therefore the petition was successive and properly dismissed.

The petitioner also raised ineffective assistance claims against his second habeas counsel, attorney Dennis McDonough, for failure to raise in the prior habeas petition claims he now raises in this petition. These claims were not included in the respondent's partial motion to dismiss. The court found that the claims were barred by res judicata.

Under a two-pronged test necessary to succeed on a claim of ineffective assistance of counsel, the United States Supreme Court in *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), held that to satisfy the performance prong, a claimant must demonstrate that counsel's errors were so serious that counsel was not functioning as the counsel guaranteed by the sixth amendment to the United States constitution and that the petitioner was prejudiced because but for counsel's performance errors, the result of the proceedings would have been different. The court in the present case found that the prejudice prong had not been satisfied.

Our standard of review as to whether McDonough's representation was inadequate is plenary, being a mixed question of law and fact. See *Copas* v. *Commissioner of Correction*, 234 Conn. 139, 152–53, 662 A.2d 718 (1995). "[T]he habeas petition is inextricably interwoven with the merits of the original judgment by challenging the very fabric of the conviction that led to the confinement."[2] *Carmon* v. *Commissioner of Correction*, 114

---

[2] See *Lozada* v. *Warden*, 223 Conn. 834, 843, 613 A.2d 818 (1992).

Conn. App. 484, 488, 969 A.2d 854, cert. denied, 293 Conn. 906, 978 A.2d 1108 (2009). For McDonough to have been ineffective Schlesinger would have to have been found to be ineffective and thereby to have prejudiced the petitioner.

The court decided that the petitioner could not prove prejudice resulting from McDonough's performance because in a prior habeas case the court, *Zarella, J.*, not only found no ineffectiveness but significantly had found no prejudice on the same grounds. See *Smith* v. *Warden*, supra, Superior Court, Docket No. CV 845, 1236, 0128, 1291. Judge Zarella found that Schlesinger, adequately brought out at trial that the petitioner's false statement to the police was made because the petitioner was on parole and therefore fearful.

The petitioner has attempted to recast and reformulate the same facts from the earlier petition before Judge Zarella. Then, he argued that his trial counsel's questioning did not adequately explain his prior lies and that it did not go far enough. Now, he reformulates the same factual basis underlying his ground of ineffectiveness of counsel. Specifically, the petitioner argues that his trial counsel had erred in bringing out any evidence at all from him concerning his prior lies to the police and the fact that he was on parole for other crimes and that his habeas counsel was ineffective in not raising this issue. Our review of the record causes us to conclude that the issue of prejudice from alleged ineffectiveness of trial counsel was decided in a prior proceeding and that the court properly concluded that it was barred from relitigation by the principles of res judicata.

The judgment is affirmed.