## STATE OF CONNECTICUT *v.* LAWRENCE R. SMITH
## (13867)

PETERS, C. J., CALLAHAN, GLASS, COVELLO and BORDEN, Js.

Argued April 23—decision released June 11, 1991

*Elizabeth M. Inkster,* assistant public defender, with whom, on the brief, was *G. Douglas Nash,* public defender, for the appellant (defendant).

*Paul J. Ferencek,* assistant state's attorney, with whom, on the brief, were *John M. Bailey,* state's attorney, and *Rosita M. Creamer,* assistant state's attorney, for the appellee (state).

GLASS, J. After a jury trial, the defendant, Lawrence R. Smith, was convicted of one count of kidnapping in the first degree in violation of General Statutes § 53a-92 (a) (2) (A) and (B),[1] one count of robbery in the third degree in violation of General Statutes § 53a-136,[2] one count of larceny in the second degree in violation of General Statutes § 53a-123 (a) (3),[3] and one count of assault in the third degree in violation of General Statutes § 53a-61 (a) (1).[4] The defendant was sentenced to a total effective term of thirty-five years imprisonment. This appeal followed.

In his appeal, the defendant claims that the trial court improperly: (1) sustained the state's objection to a question asked of him by defense counsel on direct examination regarding the circumstances surrounding and

---

[1] General Statutes § 53a-92 provides in pertinent part: "(a) A person is guilty of kidnapping in the first degree when he abducts another person and when . . . (2) he restrains the person abducted with intent to (A) inflict physical injury upon him or violate or abuse him sexually; or (B) accomplish or advance the commission of a felony . . . ."

[2] "[General Statutes] Sec. 53a-136. ROBBERY IN THE THIRD DEGREE: CLASS D FELONY. (a) A person is guilty of robbery in the third degree when he commits robbery."

[3] General Statutes § 53a-123 provides in pertinent part: "(a) A person is guilty of larceny in the second degree when he commits larceny as defined in section 53a-119 and . . . (3) the property, regardless of its nature or value, is taken from the person of another . . . ."

[4] General Statutes § 53a-61 provides in pertinent part: "(a) A person is guilty of assault in the third degree when: (1) With intent to cause physical injury to another person, he causes such injury to such person or to a third person . . . ."

his reasons for making an admittedly false statement to the police; (2) instructed the jury on "consciousness of guilt" in connection with his false statement; and (3) delivered a "two-inference" instruction to the jury. We affirm the judgment of conviction.

The jury reasonably could have found the following facts. On July 21, 1989, the defendant entered the Pump House Gallery in Bushnell Park in Hartford, where the victim worked. After speaking to two patrons of the Gallery whom he knew, the defendant left the Gallery and subsequently returned with another man. The defendant then grabbed the victim around the neck, dragged her into the bathroom and hit her in the face. Unbuckling the victim's belt, the defendant demanded that she "get naked." The victim, in an attempt to placate the defendant, offered the defendant her watch and earrings, which he accepted. Thereafter, the defendant left the bathroom in search of the victim's knapsack and did not return. The victim never recovered her belongings.

I

The defendant first claims that the court violated his federal and state constitutional rights to due process, compulsory process and confrontation by sustaining the state's objection to a question asked of him by defense counsel on direct examination regarding the circumstances surrounding and his reasons for making an admittedly false statement to the police. On direct examination, the defendant admitted that he had falsely stated that he had been at home when Detective Stanley Lucas of the Hartford police department inquired as to his whereabouts on the date of the crimes. Defense counsel thereafter elicited the following testimony from the defendant. Before making the statement to Lucas, the defendant had attended a scheduled meeting with a parole officer. While at the

meeting, the defendant had been told that the police wanted to speak to him about an investigation that concerned him. Thereafter, the defendant had been transported to police headquarters and placed in a "little room" that he had not felt free to leave. Lucas had come into the room and had told the defendant that a woman had been sexually assaulted and robbed in Bushnell Park on July 21, 1989, and had inquired as to the defendant's whereabouts on that date. The defendant had falsely stated that he had been at home because he considered Lucas to have made "crazy accusations" and he "didn't want to be involved in those conversations." Defense counsel then asked the defendant: "Okay, well, were you given your *Miranda* rights at any time?" After the defendant responded "No," the state objected to the question as irrelevant and the court sustained the objection on that ground. The defendant did not take an exception to the court's ruling or make a responsive offer of proof.

The defendant argues that this ruling unconstitutionally precluded him from disclosing "the rest of the details" regarding his false statement to Lucas. The defendant variously characterizes those details as exculpatory and so critical to his case that their preclusion requires a reversal of his conviction. Acknowledging his failure to preserve this claim by excepting to the court's ruling; see Practice Book § 288;[5] the defendant asserts that the claim is of constitutional dimension and seeks review under *State* v. *Evans*, 165 Conn.

---

[5] "[Practice Book] Sec. 288. OBJECTIONS TO EVIDENCE

"Whenever an objection to the admission of evidence is made, counsel shall state the grounds upon which it is claimed or upon which objection is made, succinctly and in such form as he desires it to go upon the record, before any discussion or argument is had. Argument upon such objection shall not be made by either party unless the court requests it and, if made, must be brief and to the point. An exception to the ruling must be taken in order to make it a ground of appeal."

61, 327 A.2d 576 (1973), and *State* v. *Golding,* 213 Conn. 233, 567 A.2d 823 (1989).

In *State* v. *Golding,* supra, we reformulated the guidelines for appellate review of unpreserved constitutional claims articulated in *State* v. *Evans,* supra. We held that a defendant can prevail on such a claim "only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. In the absence of any one of these conditions, the defendant's claim will fail." (Emphasis in original.) *State* v. *Golding,* supra, 239–40. The defendant's argument in support of the constitutional significance of his claim under the second *Golding* condition overlooks his failure to satisfy the first *Golding* condition. Specifically, the record provides no indication of precisely what additional details would have been disclosed if not precluded by the court. It is therefore impossible to determine whether those details were so important to the defendant's case that their preclusion, as he claims, impaired his constitutional rights. See id., 240; see also *State* v. *Leary,* 217 Conn. 404, 416–17, 587 A.2d 85 (1991). On this barren record, the defendant's claim necessarily fails.

II

The defendant next challenges the court's instruction on "consciousness of guilt" in connection with his false statement to Lucas. The court instructed the jury that "there is a legal principle known as consciousness of guilt. It applies when a defendant does an act which one can infer that he has attempted to avoid detection

or avoid facts which would lead to his arrest or conviction. You heard the defendant testify that when asked by Detective Lucas whether he was at Bushnell Park Pump House on July 21st, 1989, that he denied being there. He testified that he denied it because he would be accused of the incident which had occurred. You may consider the denial to Detective Lucas and the explanation of it under this principle of law, consciousness of guilt.''

The defendant argues that the court's instruction deprived him of a fair trial as guaranteed by the federal and state constitutions because the evidence at trial, in light of his general denial of involvement in the crimes, was insufficient to support an inference that his statements manifested a consciousness of guilt. The defendant concedes, however, that he failed to preserve this claim by taking an appropriate exception at the close of the court's charge. See Practice Book § 852. Nevertheless, he seeks review of the claim under *State* v. *Evans,* supra, and *State* v. *Golding,* supra, 239–40, on the ground that the court's instruction ''unconstitutionally shifted the burden of proof from the state.'' See *State* v. *Aleksiewicz,* 20 Conn. App. 643, 652, 569 A.2d 567 (1990). We are unpersuaded.

While we have recognized that a claim challenging an instruction that mandates a particular inference adverse to a defendant may sufficiently implicate constitutional rights to satisfy the second condition of *State* v. *Golding,* supra; see *State* v. *Bunkley,* 202 Conn. 629, 656, 522 A.2d 795 (1987); *State* v. *Williams,* 199 Conn. 30, 33–34, 505 A.2d 699 (1986); we cannot agree that the instruction challenged here suffers from such a defect. The instruction merely identified a permissive inference that the jury might draw from the defendant's false statement, an item of circumstantial evidence. See *State* v. *Thomas,* 214 Conn. 118, 121, 570 A.2d 1123 (1990); see also *State* v. *DeMatteo,* 186 Conn.

696, 702, 443 A.2d 915 (1982). The defendant's claim is thus properly viewed as evidentiary rather than constitutional in significance. Unpreserved nonconstitutional claims such as this "do not warrant special consideration simply because they bear a constitutional label." *State* v. *Golding*, supra, 240. Since the defendant has failed to demonstrate that his claim "is of constitutional magnitude alleging the violation of a fundamental right"; id., 239; we decline to afford it further consideration.

## III

Finally, the defendant contends that the court's "two-inference" instruction to the jury diluted or qualified the state's burden of proof and the presumption of innocence in violation of his federal and state constitutional rights to a fair trial. The court instructed the jury that the presumption of innocence "requires that when you consider all of the evidence and it is capable of two reasonable constructions, one of which favors innocence, it must be given the construction favoring innocence." According to the defendant, the language of this instruction was likely to have misled the jury to view the state's burden as something less than proof beyond a reasonable doubt. We disagree.

Recently, we held that a "two-inference" instruction nearly identical to that given here was "proper under our case law," "serve[d] to benefit the defendant" and did not diminish the state's burden where "[t]he charge as a whole correctly instructed the jury as to the state's burden of proof."[6] *State* v. *Dyson,* 217 Conn. 498, 504, 586 A.2d 610 (1991). The court in this case, as in *Dyson,* correctly instructed the jury on numerous occasions

---

[6] In *State* v. *Dyson,* 217 Conn. 498, 503, 586 A.2d 610 (1991), the court gave the following "two-inference" instruction: "The presumption of innocence also requires that when you consider all of the evidence—and it is capable of two reasonable interpretations, one of which is consistent with innocence, you must adopt the interpretation of innocence."

that the state was required to prove the defendant's guilt beyond a reasonable doubt. *Dyson,* therefore, compels the conclusion that the court's "two-inference" instruction did not impermissibly dilute the state's burden of proof or the presumption of innocence. Moreover, we do not find the present case distinguishable from *Dyson* on the ground that this defendant, allegedly unlike the defendant in *Dyson,* submitted what he considers a "properly phrased" request to charge.[7] While the refusal of such a request invokes our review of the entire charge given to determine whether the substance of the requested charge was covered; *State* v. *Ortiz,* 217 Conn. 648, 662, 588 A.2d 127 (1991); the "substance" claimed embodied in the defendant's request and improperly omitted from the court's entire charge is the requisite clarity as to burden of proof applicable to the state. The same repeated instructions on the state's burden of proof beyond a reasonable doubt that saved the court's "two-inference" instruction from ambiguity also conveyed this "substance" to the jury. Consequently, whether we approach the defendant's claim as an outright challenge to the court's "two-inference" instruction or as a failure to give a requested charge coupled therewith, the claim is equally unavailing.

The judgment is affirmed.

In this opinion the other justices concurred.

---

[7] The defendant requested that the jury be instructed that "the law does not require absolute certainty to authorize a conviction. What it does require is that the guilt be established, as charged, beyond a reasonable doubt, which is one founded upon the evidence. It is proof wholly consistent with the defendant's guilt and inconsistent with any other rational conclusion. If, upon any reasonable hypothesis, the evidence warrants a construction favorable to the accused, he is entitled to it and must be given the benefit of it by you, his triers. *State* v. *Ryerson,* 201 Conn. 333 [342–43 n.2, 514 A.2d 337 (1986)]." The defendant indicates that the defendant in *State* v. *Dyson,* 217 Conn. 498, 503–504, 586 A.2d 610 (1991), requested the following instruction: "If a fact in evidence is capable of two reasonable constructions, one consistent with innocence and the other with guilt, you must give it the construction that favors innocence."