STATE OF CONNECTICUT *v.* MAURICE WASHINGTON
(10159)

DALY, FREEDMAN and CRETELLA, Js.

Argued May 4—decision released July 21, 1992

*Alfred J. Onorato,* for the appellant (defendant).

*Marjorie Allen Dauster,* deputy assistant state's attorney, with whom, on the brief, were *Eugene Callahan,* state's attorney, *Steven Weiss,* supervisory assistant state's attorney, and *Abram Heisler,* law student intern, for the appellee (state).

FREEDMAN, J. The defendant appeals from the judgment of conviction, rendered after a jury trial, of burglary in the third degree in violation of General Statutes § 53a-103a, possession of burglar's tools in violation of General Statutes § 53a-106 and interfering with a police officer in violation of General Statutes § 53a-167a. The defendant claims that (1) the trial court's instruction on flight as consciousness of guilt incorrectly stated the law, misled the jury and improperly commented on his failure to testify, and (2) the prosecutor, during closing argument, improperly commented on the defendant's failure to testify. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. At approximately 2 p.m. on January 8, 1991, the owner of a house at 101 Greenwich Avenue in Stamford entered her house and discovered a burglar in the process of breaking in. She immediately called the police. The police arrived at the scene where one of the responding officers, Scott Duckworth, found the defendant standing inside an open window at the back of the house. The defendant, who was wearing a tan jacket and light blue gloves, slid through the window and, when both Duckworth and another officer at the scene, Colin Morris, ordered him to stop, he ran from the officers. After a brief chase, the defendant escaped by scaling an eight foot fence. With the help of backup officers, Morris and Duckworth sealed off the area and continued their search for the defendant. Both Morris and Duckworth had recognized him as Maurice

Washington. During the search, Morris found a tan jacket and a pair of light blue gloves on the ground. Approximately fifteen feet from the gloves and jacket was an entryway to a house, which was covered with a sheet or towel. The officers found the defendant inside the entryway, crouched down and sweating, and wearing a sweatshirt but no jacket. Another officer who had joined the search drew his gun and told the defendant not to move. When the defendant disregarded the order and started to move, Morris stepped into the entryway to seize the defendant and a struggle ensued. Eventually, the defendant was taken outside, placed on the ground and handcuffed. A subsequent search of the tan jacket revealed a screw driver and a pry bar or nail puller in the jacket pocket.

In a substitute information, the state charged the defendant with burglary, possession of burglar's tools, and interfering with a police officer. The defendant did not testify at trial. The court instructed the jury, at the state's request, that it could consider the defendant's flight from the scene as tending to prove consciousness of guilt.[1] The jury returned a verdict of guilty on all counts.

---

[1] The trial court gave the following instruction on consciousness of guilt: "I am going to give you a brief instruction on a concept that we call in the law consciousness of guilt. Whenever a person is on trial for a criminal offense, it is proper to show the person's conduct subsequent to the alleged criminal offense which may have been influenced by that act. Here there was evidence in the case to flight or the defendant running from the scene of the alleged crime in this particular case. Flight, when unexplained, tends to prove consciousness of guilt. The flight of a person accused of a crime is a circumstance which when considered together with all of the facts of the case may justify a finding of the defendant's guilt. However, flight, if shown, is not conclusive. It is to be given the weight to which you, the jury, think it is entitled to under the circumstances. Here there was evidence produced by the state's witnesses that the defendant fled from the scene of the alleged crime. If you find that he was fleeing the scene for the purpose of avoiding apprehension, you may consider it as evidence of his consciousness of guilt. It is up to you to give the evidence the weight to which you think it is entitled. The defendant has not testified in this case.

The defendant raises several challenges to the trial court's instruction on flight as consciousness of guilt. He claims that the instruction given was an incomplete and misleading statement of the law, that the trial court improperly failed to limit the jury's consideration of flight as consciousness of guilt to the burglary and possession of burglar's tools charges, and that the jury's improper consideration of flight as consciousness of guilt on the interfering charge may have misled the jury as to the other two charges. He also claims that, in giving the instruction, the trial court improperly commented on the defendant's failure to testify by stating that "[f]light, if unexplained, tends to prove consciousness of guilt."

The defendant failed to raise any objection to the instruction he now challenges. In fact, the defendant even failed to request any other charge regarding flight as consciousness of guilt. Nevertheless, he argues that these claims are entitled to review under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989). The defendant can prevail on his unpreserved constitutionally based claims only if the following four conditions are met: "(1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." Id.

It is by now well established in Connecticut that "[t]he defendant's flight, when considered together with all the facts of the case, may justify an inference of the

An accused person is under no obligation to testify in his own behalf. He has a constitutional right not to testify. You may not draw any unfavorable inference from the accused's failure to testify."

accused's guilt. *State* v. *Rosa,* 170 Conn. 417, 433, 365 A.2d 1135, cert. denied, 429 U.S. 845, 97 S. Ct. 126, 50 L. Ed. 2d 116 (1976)." *State* v. *Fernandez,* 27 Conn. App. 73, 89–90, 604 A.2d 1308 (1992). "Flight is a form of circumstantial evidence." *State* v. *Piskorski,* 177 Conn. 677, 723, 419 A.2d 866, cert. denied, 444 U.S. 935, 100 S. Ct. 283, 62 L. Ed. 2d 194 (1979). "Trial courts [therefore] are justified, in appropriate cases, in instructing the jury regarding the inferences to be drawn from evidence of flight." *State* v. *Fernandez,* supra, 90.

A claim challenging an instruction that mandates a particular inference adverse to the defendant may sufficiently implicate constitutional rights to satisfy the second condition of *State* v. *Golding,* supra. *State* v. *Smith,* 219 Conn. 160, 165, 592 A.2d 382 (1991). "A jury charge in which the court removes from the jury's consideration an issue that is one of the essential elements of the crime, and thereby relieves the state of the burden of proving every element beyond a reasonable doubt, would violate the holding of *Sandstrom* v. *Montana,* 442 U.S. 510, 99 S. Ct. 2450, 61 L. Ed. 2d 39 (1979)." *State* v. *Tillman,* 220 Conn. 487, 503, 600 A.2d 738 (1991).

A proper instruction on flight as consciousness of guilt, however, merely identifies a permissive inference that the jury might draw from the defendant's conduct. *State* v. *Smith,* supra. "An instruction about consciousness of guilt is [therefore] not so directly related to an essential element of the crime as to warrant plenary discussion of whether 'the claim is of constitutional magnitude alleging a violation of a fundamental right.' *State* v. *Golding,* supra, 239–40; see *State* v. *Smith,* [supra, 166]." *State* v. *Tillman,* supra, 504. Furthermore, language in the instruction that states that "flight, if unexplained, tends to prove consciousness of guilt" has been approved by the Connecticut

Supreme Court and has been found not to violate a criminal defendant's constitutional right. *State* v. *Holloway*, 209 Conn. 636, 650–52, 553 A.2d 166, cert. denied, 490 U.S. 1071, 109 S. Ct. 2078, 104 L. Ed. 2d 643 (1989); *State* v. *Bowens*, 24 Conn. App. 642, 651, 591 A.2d 433, cert. denied, 220 Conn. 906, 593 A.2d 971 (1991).

Here, contrary to the defendant's assertion, the instruction did not create a mandatory inference. Rather, it is clear that "[t]he instruction merely identifies a permissive inference that the jury might draw from the defendant's [flight], an item of circumstantial evidence." *State* v. *Smith*, supra. The trial court, in its charge, specifically stated: "The flight of a person accused of a crime is a circumstance which when considered together with all of the facts of the case *may* justify a finding of the defendant's guilt. However, flight, if shown, *is not conclusive*. It is to be given the weight to which you, the jury, think it is entitled under the circumstances." (Emphasis added.) The trial court also instructed: "If you find that he was fleeing the scene for the purpose of avoiding apprehension, you *may* consider it as evidence of his consciousness of guilt. It is up to you to give the evidence the weight to which you think it is entitled." (Emphasis added.) With respect to the defendant's claim that use of the word "unexplained" improperly comments on his failure to testify, the trial court specifically instructed: "The defendant has not testified in this case. An accused person is under no obligation to testify in his own behalf. He has a constitutional right not to testify. You may not draw any unfavorable inference from the accused's failure to testify."

Because the instruction was proper under Connecticut law, did not create a mandatory inference adverse to the defendant, and did not improperly comment on the defendant's failure to testify, the defendant cannot

prevail on his multifaceted attack on the charge. "The defendant's claim is . . . properly viewed as evidentiary rather than constitutional in significance. Unpreserved nonconstitutional claims such as this 'do not warrant special consideration simply because they bear a constitutional label.' *State* v. *Golding,* supra, 240." *State* v. *Smith,* supra, 166. The defendant has not met the second *Golding* prong and thus we decline to review this unpreserved claim.

We also decline to afford plenary review to the defendant's claim that the trial court's failure to instruct the jury that it could not use his flight as tending to prove his consciousness of guilt with respect to the interfering with a public officer charge. Even if this claim were of constitutional magnitude, the defendant cannot satisfy the third *Golding* condition, namely, that a constitutional violation clearly exists and clearly deprived the defendant of a fair trial. "In reviewing a constitutionally based challenge to the court's instructions to the jury, we must examine the charge as a whole to determine whether it is reasonably possible that the jury was misled by the challenged instruction. . . . The charge is not to be judged in artificial isolation from the overall charge." (Citations omitted; internal quotation marks omitted.) *State* v. *Falcon,* 26 Conn. App. 259, 269, 600 A.2d 1364 (1991), cert. denied, 221 Conn. 911, 602 A.2d 10 (1992).

It is not reasonably possible that the jury was misled into believing that it could consider the defendant's flight as consciousness of guilt on the interfering charge. The evidence was clear that the defendant fled only from the scene of the burglary and not the apprehension, from which the interfering charge arose. It also is not reasonable to conclude that the jury believed that the instruction permitted it to use the interfering as consciousness of guilt of the other two charges. The plain language of the court's instruction makes clear

that it was flight "from the scene of the alleged crime" that could be considered by the jury as tending to prove consciousness of guilt. We conclude that the jury could not have reasonably mistaken this reference to the scene of the crime as the scene of the interfering charge rather than the scene of the burglary. Nowhere in the instruction did the court suggest that a guilty verdict on the interfering charge could be used as tending to prove the defendant's guilt on the other two charges.

The defendant also challenges the following remark made by the prosecutor during closing argument: "Officer Duckworth was at one point five to eight feet away from the [defendant]. He had his gun drawn, pointed at Mr. Washington. He was face to face with him. And he knew him, because he had given him a ride in his car twice before. That testimony of Officer Duckworth is *uncontroverted*." (Emphasis added.)

The defendant claims that a single use of the word uncontroverted "necessarily must be understood by the jury to be a comment on the failure of the accused to testify. It is, therefore, constitutionally prohibited." The defendant failed to object to this remark by the prosecutor, but now seeks review under *State* v. *Golding,* supra. An examination of the defendant's claim, however, fails to reveal a constitutional violation that clearly deprived him of a fair trial and thus he cannot prevail on this claim.

"Comment by the prosecuting attorney . . . on the defendant's failure to testify is prohibited by the fifth amendment to the federal constitution. *Griffin* v. *California,* 380 U.S. 609, 615, 85 S. Ct. 1228, 14 L. Ed. 2d 106 (1965)." *State* v. *Menzies,* 26 Conn. App. 674, 695, 603 A.2d 419, cert. denied, 221 Conn. 924, 608 A.2d 690 (1992). In its closing argument, however, "the state may properly call to the attention of the jury any portion of the evidence that stands uncontradicted.

Such a comment becomes objectionable only when it focuses the attention of the jury on the failure of the defendant to testify . . . ." (Internal quotation marks omitted.) *State* v. *Menzies,* supra, 696, quoting *State* v. *Walker,* 206 Conn. 300, 307, 537 A.2d 1021 (1988). "In determining whether a prosecutor's comments have encroached upon a defendant's right to remain silent we have espoused the following criterion. . . . Was the language used manifestly intended to be, or was it of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify? *State* v. *Walker,* 206 Conn. 300, 307, 537 A.2d 1021 (1988)." (Internal quotation marks omitted.) *State* v. *Negron,* 221 Conn. 315, 325, 603 A.2d 1138 (1992); see also *State* v. *Menzies,* supra.

The defendant has failed to present to us any evidence tending to suggest that the prosecutor's single use of the word uncontroverted was intended to be or was taken by the jury to be a comment on the accused's failure to testify. Our review of the transcript leads us to the conclusion that the remark would reasonably have been interpreted by the jury as an observation that the defendant failed to either discredit the testimony of Duckworth on cross-examination or through the examination of other witnesses. The prosecutor is not "precluded in argument from commenting on the strength of its case or the weakness of the defense case. . . . The prosecutor is entitled to comment on a defendant's failure to call witnesses to contradict the factual character of the government's case . . . as well as his failure to support his own factual theories with witnesses. . . ." (Citations omitted; internal quotation marks omitted.) *State* v. *Kluttz,* 9 Conn. App. 686, 705–706, 521 A.2d 178 (1987).

" '[A] court should not lightly infer that a prosecutor intends an ambiguous remark to have its most damaging meaning or that a jury, sitting through lengthy exhortation, will draw that meaning from the

plethora of less damaging interpretations.' *Donnelly* v. *DeChristoforo,* 416 U.S. 637, 647, 94 S. Ct. 1868, 40 L. Ed. 2d 431 (1974)." *State* v. *Negron,* supra, 325–26. Because there was no clear constitutional violation, the defendant cannot prevail on this claim.[2]

Finally, the defendant argues that the trial court's instruction regarding unexplained flight and the prosecutor's remark on the "uncontroverted" evidence are direct violations of General Statutes § 54-84,[3] which prohibits comment by either the trial court or the prosecutor on the defendant's failure to testify. "That statute recognizes only a defendant's right not to testify, and at his election, to have the jury instructed that they may not draw any unfavorable inference against him for exercising that right." *State* v. *Holloway,* supra, 651. Because, however, we have concluded that there was nothing improper in either the court's instruction or the prosecutor's remark, the defendant cannot prevail on these claims.

The judgment is affirmed.

In this opinion the other judges concurred.

[2] We note that in its instruction to the jury, the court stated: "The defendant has not testified in this case. An accused person is under no obligation to testify in his own behalf. He has a constitutional right not to testify. You may not draw any unfavorable inference from the accused's failure to testify." Because the jury is presumed, in the absence of a fair indication to the contrary, to have followed the court's instructions; *State* v. *Ortiz,* 217 Conn. 648, 669, 588 A.2d 127 (1991); we would conclude that, even if the remark violated the defendant's constitutional right not to testify, the violation was harmless beyond a reasonable doubt. The defendant has presented no reasons that indicate that the jury did not follow the court's instructions, nor can we perceive any.

[3] General Statutes § 54-84 provides: "(a) Any person on trial for crime shall be a competent witness, and at his or her option may testify or refuse to testify upon such trial. The neglect or refusal of an accused party to testify shall not be commented upon by the court or prosecuting official, except as provided in subsection (b) of this section.

"(b) Unless the accused requests otherwise, the court shall instruct the jury that they may draw no unfavorable inferences from the accused's failure to testify. In cases tried to the court, no unfavorable inference shall be drawn by the court from the accused's silence."