STATE OF CONNECTICUT *v.* VERLE ROBINSON
(AC 32305)

DiPentima, C. J., and Bishop and Schaller, Js.

Argued March 15—officially released June 7, 2011

*Joseph M. Merly*, with whom, on the brief, was *John R. Williams*, for the appellant (defendant).

*Sarah Hanna*, assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *John Lion*, senior assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Verle Robinson, appeals from the judgment of conviction, rendered after a jury trial, of sexual assault in the third degree in violation of General Statutes § 53a-72a (a) (1) (A), and two counts of risk of injury to a child in violation of General Statutes § 53-21 (a) (1) and (2). On appeal, the defendant claims that his right of confrontation under the sixth amendment to the United States constitution was violated when (1) a state's witness gave certain testimony under the constancy of accusation doctrine

and (2) the trial court improperly excluded the testimony of a defense witness. We affirm the judgment of the court.

The following facts, which the jury reasonably could have found, and procedural history are relevant to this appeal. In July, 2007, the victim, J,[1] was thirteen years old and lived across the street from the defendant. J was close friends with the defendant's two daughters, S and H. After S, H and the defendant moved from Middletown to Meriden, J was invited to a sleepover at their new home on July 13, 2007. J eventually fell asleep alone in S's room with the door closed, and S slept on the couch in the living room. J was wearing underwear, shorts, a sports bra and a tank top. Sometime during the early morning hours of July 14, 2007, J woke up and found the defendant beside her wearing only his boxer shorts. The defendant told J to roll over onto her back and then climbed on top of her, placing his legs inside of hers and holding her wrists against the bed with his hands. The defendant asked J if she had ever had sex before. J replied "no" and told the defendant to get off her. The defendant then began to rub his penis up and down against J's vagina. J continued to tell the defendant to get off her but did not scream because she was afraid that the defendant would hurt her. The defendant then asked J if he could "stick it in." J replied "no." After five to twenty-five minutes, the defendant kissed J on the cheek and told her that she was a beautiful girl. The defendant also told J that she should not tell anyone about what had happened. The defendant then got off J and left the room.

Shortly after the assault occurred, J sent a text message to S explaining what had happened and then went

---

[1] In accordance with our policy of protecting the privacy interests of the victims of sexual abuse and the crime of risk of injury to a child, we decline to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e.

to the couch and woke S up to tell her in person. Thereafter, S telephoned her aunt, M, and told her what had happened. J then spoke with M and told her what had happened. At trial and after J had testified, the state called M as a witness under the constancy of accusation doctrine, and, in pertinent part, she gave the following testimony:

"[The Prosecutor]: Did you receive a telephone call from [S] back in July of 2007?

"[M]: Yes I did.

"[The Prosecutor]: Do you recall the particular date by any chance?

"[M]: Ah, I think it was on a Saturday, to the best of my knowledge.

"[The Prosecutor]: When you received the call from [S], what was her demeanor, what did she sound like on the phone?

"[M]: She was crying hysterically.

"[The Prosecutor]: Do you know why she was crying hysterically?

"[M]: She was crying hysterically because [J] had text[ed] her that [S's] father had touched her."

After the state rested, the defendant called both S and H as witnesses. H testified that after the incident, J wrote her once over the Internet on the social website Myspace.com (MySpace). The defendant's counsel then asked what J had written, and the state objected to such testimony as hearsay. The defendant's counsel argued that the statement was admissible as a statement by a party opponent. See Conn. Code Evid. § 8-3 (1). The court, however, concluded that J was not a party to the case and, consequently, determined that the testimony was inadmissible hearsay. After he rested his

case, the defendant was found guilty by the jury, and the court rendered judgment in accordance with the jury's verdict. The defendant was sentenced to a total effective term of twenty years imprisonment, execution suspended after thirteen years, and ten years of probation. This appeal followed.

## I

The defendant first claims that his right of confrontation under the sixth amendment to the United States constitution was violated when M was permitted to testify under the constancy of accusation doctrine. The defendant concedes that he did not object to M's testimony at trial and now seeks review pursuant to *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989). We conclude that the defendant's claim fails under the second prong of *Golding*.[2]

"In Connecticut, it is well established that the constancy of accusation doctrine does not violate a defendant's sixth amendment right to confrontation." (Internal quotation marks omitted.) *State* v. *Thompson*, 71 Conn. App. 8, 13, 799 A.2d 1126 (2002). Recognizing this well established principle, the defendant acknowledges that M's testimony with respect to her conversation with J was not a violation of his right of confrontation because J previously had testified at trial and was subjected to cross-examination. He contends,

---

[2] Pursuant to *State* v. *Golding*, supra, 213 Conn. 239–40, "a defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. In the absence of any one of these conditions, the defendant's claim will fail. The appellate tribunal is free, therefore, to respond to the defendant's claim by focusing on whichever condition is most relevant in the particular circumstances." (Emphasis in original.)

however, that his right of confrontation was violated when M testified to statements made to her by S relating what J told S after the assault. The defendant argues that, although S later testified at trial, his right of confrontation was violated because S testified as a defense witness, and, thus, he was unable to cross-examine her. The defendant's argument is misguided.

The confrontation clause of the sixth amendment to the United States constitution guarantees a criminal defendant the right "to be confronted with the witnesses against him . . . ." U.S. Const., amend. VI. "A significant aspect of the right of confrontation is *the cross-examination of adverse witnesses* to expose to the jury the facts from which jurors, as the sole triers of fact and credibility, could appropriately draw inferences relating to the reliability of the [witnesses]." (Emphasis added; internal quotation marks omitted.) *State* v. *Monteeth*, 208 Conn. 202, 209, 544 A.2d 1199 (1988). The state did not call S as a witness, and when she eventually testified for the defendant, she gave testimony favorable to him. Although the defendant was unable to "cross-examine" S because she was not an adverse witness, his counsel did ask S about the telephone call she made to M after the assault. Thus, S was available to explain the circumstances of that telephone call. "The [confrontation] [c]lause does not bar admission of a statement so long as the declarant is present at trial to defend or explain it." (Internal quotation marks omitted.) *State* v. *Pierre*, 277 Conn. 42, 78, 889 A.2d 921, cert. denied, 547 U.S. 1197, 126 S. Ct. 2873, 165 L. Ed. 2d 904 (2006). Under these circumstances, the defendant's right of confrontation was not violated. Accordingly, the defendant's claim of error is evidentiary in nature and must fail under *Golding*'s second prong. See *State* v. *Claudio C.*, 125 Conn. App. 588, 598, 11 A.3d 1086 (2010) ("The defendant can not raise a constitutional claim by attaching a constitutional label to a purely evidentiary

claim . . . . [O]nce identified, unpreserved evidentiary claims masquerading as constitutional claims will be summarily dismissed." [Internal quotation marks omitted.]), cert. denied, 300 Conn. 910, 12 A.3d 1005 (2011).

## II

The defendant next claims that his sixth amendment right of confrontation was violated when the trial court excluded H from testifying to an out-of-court statement that J allegedly made to H. Specifically, the defendant asserts that the right to offer into evidence the prior inconsistent statements of a prosecution witness is guaranteed by the sixth amendment right of confrontation, and he argues that the court violated his right of confrontation when it prevented H from testifying to the statement J allegedly made to H through the social website MySpace. The defendant concedes, as he must, that this claim was not preserved at trial and seeks review by this court pursuant to *State* v. *Golding*, supra, 213 Conn. 239–40. We conclude that the defendant's claim fails under *Golding*'s first prong.[3]

As a preliminary matter, we note that the defendant's claim is more aptly characterized as a claim involving his sixth amendment right to present a defense.[4] "[A] defendant's right to present a defense does not include a right to present evidence that properly is excluded under the rules of evidence. . . . The sixth amendment to the United States constitution require[s] that criminal

---

[3] See footnote 2 of this opinion.

[4] "The sixth amendment to the [United States] constitution guarantees the right of an accused in a criminal prosecution to confront the witnesses against him. . . . The primary interest secured by confrontation is the right to cross-examination . . . ." (Citation omitted; internal quotation marks omitted.) *State* v. *Brown*, 273 Conn. 330, 338, 869 A.2d 1224 (2005). The defendant was afforded an opportunity to cross-examine J at trial, and he does not claim on appeal that his cross-examination was unduly restricted or constitutionally deficient.

defendants be afforded a meaningful opportunity to present a complete defense. . . . The defendant's sixth amendment right, however, does not require the trial court to forgo completely restraints on the admissibility of evidence. . . . Generally, [a defendant] must comply with established rules of procedure and evidence in exercising his right to present a defense." (Internal quotation marks omitted.) *State* v. *Abreu*, 106 Conn. App. 278, 282, 941 A.2d 974, cert. denied, 286 Conn. 919, 946 A.2d 1249 (2008). "[I]f the proffered evidence is not relevant [or constitutes inadmissible hearsay], the defendant's right to confrontation is not affected, and the evidence was properly excluded." (Internal quotation marks omitted.) *State* v. *Davis*, 298 Conn. 1, 10, 1 A.3d 76 (2010).

The defendant claims that the testimony he sought to elicit from H was admissible because it was a prior inconsistent statement of J, the victim. The record before us, however, does not contain the content of the statement. Without the content of the statement, we are unable to determine if the statement was properly excluded as hearsay or if, as the defendant claims, its preclusion stripped him of his constitutional right to present a defense. See *State* v. *Smith*, 219 Conn. 160, 164, 592 A.2d 382 (1991). Thus, the record is inadequate to assess the defendant's claim, and, accordingly, it is unreviewable under the first prong of *Golding*.

The judgment is affirmed.